UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COUNTY OF ERIE, NEW YORK

Plaintiff,

v.

COLGAN AIR, INC.
PINNACLE AIRLINES CORP., and
CONTINENTAL AIRLINES, INC.,

Defendants,

**COMPLAINT**

Civil Action No.:

**JURY TRIAL DEMANDED**

Plaintiff, County of Erie, New York, by its attorneys Kenney Shelton Liptak Nowak LLP, for their Complaint against the Defendants allege:

1. Plaintiff, County of Erie, is a municipality duly organized and existing under the laws of New York.

2. Defendant Colgan Air, Inc. ("Colgan") is a corporation duly organized and existing under the laws of Virginia. Colgan maintains its principal place of business in Manassas, Virginia, conducts business in New York State, engages in a persistent course of conduct in New York State, derives substantial revenues from services in New York State and from interstate commerce, and expects or reasonably should expect its acts to have consequences in New York State, while operating under the name "Continental Connection."

3. Defendant Pinnacle Airlines Corp., ("Pinnacle") is a corporation duly organized and existing under the laws of Delaware, maintaining its principal place of business in Memphis, Tennessee. Pinnacle conducts business in New York State, engages in a persistent course of conduct in New York State, derives substantial revenues from services rendered in

New York State and from interstate commerce, and expects or reasonably should expect its acts to have consequences in New York State.

4. Defendant Continental Airlines, Inc. ("Continental") is a corporation duly organized and existing under the laws of Delaware, maintaining its principal place of business in Houston, Texas. Continental conducts business in New York State, engages in a persistent course of conduct in New York State, expects or reasonably should expect its acts to have consequences in New York State, and derives substantial revenue from services rendered in New York State.

**FACTS**

5. On February 12, 2009, Continental Connection flight number 3407 departed from Newark, New Jersey, and was enroute to Buffalo, New York ("Flight 3407").

6. On February 12, 2009, Fight 3407 crashed into the Wielinski residence located in Clarence Center, Erie County, New York, while approaching the Buffalo Niagara International Airport, injuring and killing all passengers aboard Flight 3407 and Mr. Wielinski, and causing substantial damage to the neighboring properties, including serious environmental clean-up expenses and damages.

7. Flight 3407 was marketed as Continental Flight 3407 under the Continental Connection brand, and was operated by Colgan, pursuant to a contractual agreement with Continental.

8. The aircraft utilized on Flight 3407 was a Bombardier Dash 8-Q400 twin-engine turboprop airplane (the "Aircraft"), registered to Colgan under registration number N200WQ.

9. Upon information and belief, Pinnacle and Colgan jointly owned, maintained, scheduled, managed, supervised, and/or operated Fight 3407. Pinnacle and Colgan have/had a parent/subsidiary and/or principal/agent and/or alter ego relationship, whereby Pinnacle

is/was the parent, principal, or alter ego of Colgan. Colgan conducts business on behalf of Pinnacle in the State of New York and throughout the United States.

10. Upon information and belief, Marvin Renslow (hereinafter "Renslow"), was a resident of the State of Florida and was the Captain of Flight 3407 on February 12, 2009.

11. Upon information and belief, Rebecca Shaw (hereinafter "Shaw"), was a resident of the State of Washington and was the First Officer of Flight 3407 on February 12, 2009.

12. Upon information and belief, at all times relevant hereto, Renslow and Shaw (collectively referred to as the "flight crew"), were employees and/or agents of Defendants Colgan, Pinnacle, and/or Continental (collectively referred to as "Defendants"), and were acting within the scope of their employment and/or agency.

13. On February 12, 2009, the flight crew lost control of Flight 3407 due to, *inter alia*, a combination of negligent and/or improper control of the Aircraft in icing conditions, negligent and/or improper response to the stick shaker and other flight control systems, negligent and/or inadequate speed control, negligent failure to maintain a sterile cockpit, negligent actions and omissions of the pilots, and defective design of the Aircraft's systems, all of which resulted in the Aircraft crashing and burning, causing the injury and death of all passengers aboard the Aircraft.

14. Prior to and on February 12, 2009, Defendants owned, controlled, inspected, serviced, maintained, repaired, scheduled, trained pilots and flight crew, monitored, loaded and operated the Aircraft and its component parts and systems, including, but not limited to, the Aircraft de-icing systems, flight control systems, stabilizing system, electrical system, and flight instrumentation system.

15. Defendants wrote and/or approved the instructions and warnings for the Aircraft and its component parts and systems, including but not limited to, a flight manual, maintenance manual, aircraft-operating manual, pilot-operating handbook, inspection instructions, maintenance instructions, load instructions, service bulletins, and inspection schedules.

16. Defendants and their parents, subsidiaries, affiliates, associates and partners, at all relevant times, were the agents, servants, employees, assignees, successors-in-interest, or engaged in a joint venture with each other. Defendants were acting within the time, purpose, or scope of such agency or employment, and all acts or omissions alleged here of each Defendant were authorized, adopted, approved, or ratified by each of the other Defendants.

17. At all relevant times, Defendants were fully informed of the actions of their agents and/or employees, and thereafter, no officer, director, or managing agent of Defendants repudiated those actions; such omission or failure to repudiate constituted ratification, adoption and approval of each of those actions.

18. Defendants', as described in this complaint, actions were negligent, wanton, reckless, intentional, and willful, and demonstrated conscious indifference and utter disregard for their effects upon the public health and safety.

**AS FOR A FIRST CAUSE OF ACTION**

19. Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 as if fully set forth here.

20. On February 12, 2009, Defendants, as owners and operators of airlines, and in particular Flight 3407, owed a duty to Plaintiff to exercise the highest standard of care and to provide safe transport of Flight 3407 in a manner not causing damage to the Plaintiff.

21. On and before February 12, 2009, Defendants, by and through their employees, agents, and/or servants including, but not limited to Renslow and Shaw, breached this duty of care in one or more of the following respects:

a. Defendants' pilots negligently failed to use standard, reasonably prudent and acceptable piloting techniques and skills to conduct Flight 3407;

b. Defendants negligently hired, supervised, contracted, retained and/or trained the pilots of Flight 3407;

c. Defendants negligently failed to warn Flight 3407 passengers of the possible damages resulting from their failure to provide pilots trained and able to conduct Flight 3407 safely in the conditions in which Defendants and their pilots chose to conduct the flight;

d. Defendants negligently failed to provide an aircraft that was safe for the conditions encountered on February 12, 2009;

e. Defendants negligently operated, maintained, controlled, inspected, serviced, repaired, loaded, dispatched, scheduled, and monitored Flight 3407;

f. Defendants negligently operated, maintained, controlled, inspected, serviced, repaired, loaded, dispatched, scheduled, and monitored the Aircraft utilized on Flight 3407;

g. Defendants negligently leased and/or purchased the Aircraft for the purpose for which it was operated as Flight 3407 on February 12, 2009;

h. Defendants negligently dispatched, operated, and flew Flight 3407 into conditions known to be conducive to icing, in an Aircraft that was

inadequately equipped with ineffective de-icing equipment, and negligently trained the flight crew to fly the Aircraft safely in such conditions;

i. Defendants negligently failed to ensure that the pilots arrived for their flights rested and fit to perform their duties, failed to check the pilots' condition prior to flight, and interfered with the pilots' ability to obtain proper rest by implementing a policy that prohibited sleeping in the crew room; and

j. Defendants negligently failed to enforce and observe a sterile cockpit environment.

22. As a result of Defendants' negligence, Plaintiff sustained property damage in an amount that exceeds the monetary jurisdictional limits of all lower courts.

23. Plaintiff has sustained unnecessary and unprecedented property and financial damage as a direct and proximate result of Defendants' wanton, reckless, negligent, and willful conduct to the extent Erie County was required to expend resources in excess of the normal provisions of police, fire, and emergency services as a result of the crash of Flight 3407. Specifically, Plaintiff was forced to expend unprecedented monetary resources in order to provide public services including: Overtime pay for police and emergency personnel; the clean-up and removal of human remains; the clean-up and removal of chemical substances originating from the Aircraft, the clean-up and removal of the Aircraft itself; the provision of emergency and counseling services to the surviving members of the decedents' families; and the purchase, lease, or rent of equipment necessary to respond to the crash of Flight 3407.

**AS FOR A SECOND CAUSE OF ACTION**

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth here.

25. The crash of Flight 3407 speaks for itself under the doctrine of "*Res Ipsa Loquitur.*"

26. The Aircraft was within the Defendants' exclusive control.

27. In the ordinary course of events, the crash of Flight 3407 would not have occurred if Defendants had used reasonable care under the circumstances.

28. Plaintiff did not contribute to the cause of the crash of Flight 3407.

29. Plaintiff sustained property damage as a result of the crash of Flight 3407 in an amount that exceeds the monetary jurisdictional limits of all lower courts.

30. Plaintiff has sustained unnecessary and unprecedented property and financial damage as a direct and proximate result of Defendants' wanton, reckless, negligent, and willful conduct to the extent Erie County was required to expend resources in excess of the normal provisions of police, fire, and emergency services as a result of the crash of Flight 3407. Specifically, Plaintiff was forced to expend unprecedented monetary resources in order to provide public services including: Overtime pay for police and emergency personnel; the clean-up and removal of human remains; the clean-up and removal of chemical substances originating from the Aircraft, the clean-up and removal of the Aircraft itself; the provision of emergency and counseling services to the surviving members of the decedents' families; and the purchase, lease, or rent of equipment necessary to respond to the crash of Flight 3407.

**AS FOR A THIRD CAUSE OF ACTION**

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if fully set forth here.

32. On February 12, 2009, as a result of the Defendants' negligent, willful, reckless and intentional conduct, Flight 3407 crashed into the Wielinski home located in a residential neighborhood in Clarence, New York.

33. Defendants' gross negligence, willfulness and recklessness that resulted in the crash of Flight 3407 created a gross public nuisance in the immediate aftermath of the disaster left by the crash.

34. The debris, human remains, heat, fumes and inferno cast off from the crash of Flight 3407 endangered the property, health, safety and/or comfort of the general public.

35. Defendants' conduct has caused Plaintiff to expend resources beyond the normal provisions of police, fire and emergency services including: Overtime pay; clean-up and removal of human remains; clean-up and removal of chemical substances originating from the Aircraft, clean-up and removal of the Aircraft itself; provision of counseling and family services to the surviving members of the decedents' families; and the purchase, lease, or rent of equipment necessary for Plaintiff's response to the environmental and social disaster of Flight 3407's crash.

36. Defendants' conduct was unreasonable under all the circumstances.

37. As a result of the public nuisance caused by Defendants' conduct, Plaintiffs sustained damages in an amount that exceeds the sum of seventy-five thousand ($75,000) dollars.

38. Plaintiff has sustained unnecessary and unprecedented property and financial damage as a direct and proximate result of Defendants' wanton, reckless, negligent, and willful conduct to the extent Erie County was required to expend resources in excess of the normal provisions of police, fire, and emergency services as a result of the crash of Flight 3407, including abating environmental hazards that presented imminent harm to the health of the public at large.

39. Specifically, Plaintiff was forced to expend unprecedented monetary resources in order to provide public services including: Overtime pay for police and emergency

personnel; the clean-up and removal of human remains; the clean-up and removal of chemical substances originating from the Aircraft, the clean-up and removal of the Aircraft itself; the provision of emergency and counseling services to the surviving members of the decedents' families; and the purchase, lease, or rent of equipment necessary to respond to the crash of Flight 3407.

**AS FOR A FOURTH CAUSE OF ACTION**

40. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 as if fully set forth here.

41. Pursuant to New York State Business Law § 251, the Defendants are liable for all property and financial damage sustained as a result of the operation of an aircraft that crashes in the business of the owner.

42. Plaintiff has sustained unnecessary and unprecedented property and financial damage as a direct and proximate result of Defendants' wanton, reckless, negligent, and willful conduct to the extent Erie County was required to expend resources in excess of the normal provisions of police, fire, and emergency services as a result of the crash of Flight 3407. Specifically, Plaintiff was forced to expend unprecedented monetary resources in order to provide public services including: Overtime pay for police and emergency personnel; the clean-up and removal of human remains; the clean-up and removal of chemical substances originating from the Aircraft, the clean-up and removal of the Aircraft itself; the provision of emergency and counseling services to the surviving members of the decedents' families; and the purchase, lease, or rent of equipment necessary to respond to the crash of Flight 3407.

43. Plaintiff has sustained damages in an amount that exceeds the sum of seventy-five thousand ($75,000) dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, either jointly or severally, in the First, Second, Third, and Fourth Causes of Action in an amount which exceeds the sum of seventy-five thousand ($75,000) dollars, exclusive of interests and costs, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED: Buffalo, New York
February 24, 2010

ERIE COUNTY ATTORNEY'S OFFICE

By: ______________________

Cheryl A. Green, Esq.
*Attorneys for Plaintiff*
County of Erie, New York
95 Franklin Street
Buffalo, New York 14202

KENNEY SHELTON LIPTAK NOWAK LLP

By: ______________________

James J. Duggan, Esq.
*Attorneys for Plaintiff,*
*County of Erie, New York*
14 Lafayette Square, Suite 510
Buffalo, New York 14203
(716) 853-3801