UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COUNTY OF ERIE, NEW YORK,

                         Plaintiff,

v.                                         **DECISION AND ORDER**
                                                       10-CV-157S

COLGAN AIR, INC., PINNACLE AIRLINES CORP.,
and CONTINENTAL AIRLINES, INC.,

                         Defendants.
_____

## I.  INTRODUCTION

Plaintiff County of Erie, New York, commenced this action seeking to recover damages for expenses it incurred in connection with the airplane crash of Continental Connection Flight 3407 in Clarence Center, New York, on February 12, 2009. Pending before this Court is the Motion of Defendants Colgan Air, Inc., Pinnacle Airlines Corp., and Continental Airlines, Inc., to Dismiss the Complaint pursuant to Rule 12 (b)(6). For the reasons stated below, this Court finds oral argument unnecessary and the motion is granted.

## II. BACKGROUND

Plaintiff commenced this action in this Court on March 1, 2010, with subject matter jurisdiction based upon diversity of citizenship. (Complaint, Docket No. 1). Four causes of action were asserted in the Complaint: negligence, res ipsa loquitur negligence, public nuisance, and liability as owners of the aircraft pursuant to New York General Business

1

Law § 251.  In connection with each of the four causes of action, Plaintiff alleged that:

> Plaintiff has sustained unnecessary and unprecedented property and financial damage as a direct and proximate result of Defendants' wanton, reckless, negligent, and willful conduct to the extent Erie County was required to expend resources in excess of the normal provisions of police, fire, and emergency services as a result of the crash of Flight 3407. Specifically, Plaintiff was forced to expend unprecedented monetary resources in order to provide public services including: Overtime pay for police and emergency personnel; the clean-up and removal of human remains; the clean-up and removal of the Aircraft itself; the provision of emergency and counseling services to the surviving members of the decedents' families; and the purchase, lease, or rent[al] of equipment necessary to respond to the crash of Flight 3407."

(Compl. ¶¶ 23, 30, 38-39, 42).  In connection with its public nuisance claim, Plaintiff also alleged that the expenditure of "resources in excess of the normal provisions of police, fire, and emergency services" included "abating environmental hazards that presented imminent harm to the health of the public at large."  (Compl. ¶ 38).  Prior to answering, Defendants collectively moved for dismissal, arguing, among other things, that Plaintiff cannot state a claim upon which relief can be granted because public expenditures made in the performance of governmental functions are not recoverable. (Docket Nos. 10 (2nd Amended Notice of Motion), 10-3).

Plaintiff subsequently filed an Amended Complaint (Docket No. 16), asserting the same four causes of action plus an additional claim that Plaintiff was entitled to recover damages from Defendants pursuant to New York Public Health Law § 1306 for:

> the costs of the removal of human remains from the area of the crash, for the costs of sealing off the crash area for security while remedial action was ongoing, for moving the residents to safety away from the crash area and for other costs which after the crash, constituted a major health condition detrimental to the well being of the community.

(Amended Compl. ¶ 44).

### III.  DISCUSSION

In considering a motion to dismiss[1] for failure to state a claim pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); ATSI Commc'ns, Inc., 493 F.3d at 98.  This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions.  Ashcroft, 556 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. At 1949.  Further, where, as here, a plaintiff amends his complaint while a motion to dismiss is pending, a court may either deny the motion as moot or consider it in light of the amended pleading.  Roller Bearing Co. of America, Inc. v. American Software, Inc., 570 F.Supp.2d 376, 384 (D.Conn. 2008).  Because the parties have fully briefed their arguments with respect to the Amended Complaint, this Court will consider the Motion to Dismiss on the merits.

---

[1] In support of their Motion to Dismiss (Docket No. 10), Defendants submitted the Affidavit of Neil A. Goldberg, Esq. (Docket No. 10-2), a supporting Memorandum (Docket No. 10-3), and the original Complaint (Docket No. 10-4).  Following its filing of the Amended Complaint (Docket No. 16), Plaintiff opposed the motion with the Declaration of James J. Duggan, Esq., with Exhibits A-D (Docket No. 17), an opposing Memorandum of Law (Docket No. 18), Duggan Affidavit with Exhibits A & B (Docket No. 26), and a supplemental Memorandum of Law in Opposition with Appendix A & B (Docket No. 27).  Defendant submitted in reply the Affidavit of Neil A. Goldberg, Esq., with Exhibits A-C (Docket No. 28), the Declaration of Desmond T. Barry, Jr. (Docket no. 28-5), and a reply Memorandum of Law (Docket No. 28-6).

As recognized by the New York State Court of Appeals,[2] "[t]he general rule is that public expenditures made in the performance of governmental functions are not recoverable." Koch v. Consolidated Edison Co. of N.Y., 62 N.Y.2d 548, 560 (N.Y. 1984), cert denied 469 U.S. 1210 (1985)(denying reimbursement to city for emergency services necessitated by blackout caused by power company's gross negligence); see Austin v. City of Buffalo, 182 A.D.2d 1143, 1144 (N.Y. App. Div. 4th Dep't 1992), lv dismissed in part, denied in part 79 N.Y.2d 1033 (N.Y. 1992)(denying recovery to city for damage to fire vehicles because damage was foreseeable risk of response to fire); State of New York v. Long Is. Light. Co., 129 Misc.2d 371, 373-374 (Nassau County Court 1985) (denying recovery to state for costs of closing highway and diverting traffic when defendant's power lines fell because the state had a duty to ensure the safety of the traveling public).  Known as the free public services doctrine, this general rule precludes governmental entities from seeking costs "incurred for wages, salaries, overtime and other benefits of police, fire, sanitation and hospital personnel from whom services (in addition to those which would normally have been rendered) were required." Koch, 62 N.Y.2d at 560.

The purpose of the free public services doctrine is rooted in public policy, Id., in that "the cost of public services for protection from fire or safety hazards is to be borne by the public as a whole, not assessed against the tortfeasor whose negligence creates the need for the service." City of Flagstaff v. Atchison, Topeka and Santa Fe Railway Co., 719 F.2d 322, 323 (9th Cir. 1983)(finding that the allocation of expenses for emergency services to

---

[2]In the absence of a contractual obligation of the parties to the contrary, the substantive law of the forum state is applied in diversity cases. General Star Nat. Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662, 669 (2d Cir. 2009).

4

taxpayers was neither irrational or unfair); see District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1080 (D.C. Cir. 1984)(recognizing "that the government's decision to provide tax-supported services is a legislative policy determination"); Walker County v. Tri-State Crematory, 643 S.E.2d 324, 328 (Ga. 2007)(question of whether the costs of providing public services should be reallocated implicates fiscal policy, and thus is one best left to the legislature).  In light of this policy, it is "the identity of the claimant and the nature of the cost that combine to deny recovery," City of Flagstaff, 719 F.2d at 324, and no consideration is given to the extraordinary nature of the incident that necessitates the public service response.[3]  See e.g. Air Florida, Inc., 750 F.2d at 1079-1080 (D.C. Cir. 1984)(applying free public services doctrine to claim for reimbursement for emergency and cleanup expenses following 1982 crash of a passenger jet); City of Falstaff, 719 F.2d at 323 (applying same following train derailment of four petroleum tank cars); City of Boston v. Smith & Wesson Corp., 12 Mass. L. Rptr. 225, 2000 WL 1473568, *8 (Mass. Super. 2000)(noting that although train derailments and airplane crashes were more unusual, a municipality could still expect to have to respond to such an emergency).

This general rule is not applicable where recovery is made permissible by express statutory language or legislative history.  Matter of James AA, 188 A.D.2d 60, 63 (N.Y. App. Div. 3d Dep't 1993); see Koch, 62 N.Y.2d at 561.  Further, this rule does not prohibit

---

[3] Plaintiff asserts in conclusory fashion that "Federal Courts have expanded the duty of airlines and scope of damages allowable after public disasters" following the September 11, 2001 attacks on the World Trade Center. (Pl's Supplemental Mem of Law in Opp'n, Docket No. 27, at 3; Affidavit of James J. Duggan, Esq., Docket No. 26, ¶ 9).  This Court cannot agree with that assertion where the only case cited in support is In Re September 11 Litigation, 280 F.Supp.2d 279 (S.D.N.Y. 2003), a case which speaks to an airline's duty to victims and their families, not an airline's duty to reimburse a governmental entity for public services expenses.  There is no indication that either New York or federal courts have moved away from recognizing that, absent express statutory permission, there is no right to recovery for expenses related to government functions.

a governmental entity from seeking recovery for damage to its own property. See Long Is. Light. Co., 129 Misc.2d at 373; see also Air Florida, Inc., 750 F.2d at 1080 (D.C. Cir. 1984). Plaintiff concedes that it is seeking reimbursement for its provision of "public services," and fails to identify any specific property belonging to the County that was damaged as a result of the crash. Amended Compl. ¶¶ 23, 31, 41, 50.  Plaintiff argues that the motion to dismiss should nonetheless be denied because (1) New York Public Health Law § 1306 provides a statutory exception to the general rule,[4] and (2) its claim falls within the 'public nuisance' exception to the free public services doctrine.  These will be considered together.

"[I]t has long been recognized that when a local government, in the proper exercise of its delegated powers, summarily abates a public nuisance, it may compel the owner of the property involved to bear the cost of abatement." Lane v. City of Mount Vernon, 38 N.Y.2d 344, 349 (N.Y. 1976); see Brancato v. City of New York, 244 F.Supp.2d 239, 245 (S.D.N.Y. 2003), citing Lawton v. Steele, 152 U.S. 133, 136 14 S.Ct. 499, 38 L.Ed. 385 (1894).  New York Public Health Law § 1306 further provides that, in addition to a property's owner or occupier, a county board of health may also recover expenses associated with the "suppression or removal of a nuisance or conditions detrimental to health" from "the person who caused or maintained such nuisance." § 1306 (1). A public nuisance:

> consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all, in a manner

---

[4] Plaintiff does not address Defendants' arguments that New York General Business Law § 251 does not authorize recovery for public service expenditures, and therefore the fifth cause of action in the Amended Complaint is deemed abandoned. See Brandon v. City of New York, 705 F.Supp.2d 261, 268 (S.D.N.Y. 2010).  In any event, although this statute holds the owner of an aircraft operated in the course of his or her business liable for death and injury to person or property, it contains no express language regarding a governmental entity's ability to recover for public service expenses.

> such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons.

Copart Industries, Inc. v. Consolidated Edison Co. of New York, Inc., 41 N.Y.2d 564, 568 (N.Y. 1977)(internal citation omitted). A "[n]uisance is a conscious and deliberate act involving the idea of continuity or recurrence" and requiring some degree of permanence. Long Is. Light. Co., 129 Misc.2d at 375, cited in Town of Hempstead v. S. Zara & Sons Contracting Co., Inc., 173 A.D.2d 536, 537 (N.Y. App. Div. 2d Dep't 1991), lv dismissed 82 N.Y.2d 889 (N.Y. 1993); see Domen Holding Co. v. Aranovich, 1 N.Y.3d 117, 124 (N.Y. 2003)(a nuisance is a "continuous invasion of rights"). There must be an actual invasion of interests in land that constitutes a substantial interference with the exercise of a common right of the public. Town Hall Realties v. Kelly, 70 A.D.3d 1032, 1033 (N.Y. App. Div. 2d Dep't 2010); see 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 96 N.Y.2d 280, 292 (N.Y. 2001)(a nuisance is an actual invasion of interests in land).

Plaintiff asserts that a public nuisance claim is an exception to the free public services doctrine, however, "[i]f such an exception were recognized, it would be the exception that swallows the rule, since many expenditures for public services could be re-characterized by skillful litigants as expenses incurred in abating a public nuisance." Walker County, 643 S.E.2d at 328; see Long Is. Light. Co., 129 Misc.2d at 375. Instead, recovery for a public nuisance is a separate cause of action. The distinction can be found in the fact that while a local government has a duty to provide certain police, fire and emergency services to the public, see Long Is. Light. Co., 129 Misc.2d at 373, the duty to prevent or abate a nuisance on the property rests with the owner or the party that caused the nuisance. See generally Broxmeyer v. United Capital Corp., 79 A.D.3d 780, 782 (N.Y.

7

App. Div. 2d Dep't 2010). Reimbursement is not precluded because, in the interest of public health and safety, the local government is performing not its own duty, but the duty of another. Thus, the existence and remediation of public nuisances "fall into [a] distinct, well-defined categor[y] unrelated to the normal provision of police, fire, and emergency services." City of Flagstaff, 719 F.2d at 324.

The Amended Complaint must therefore be dismissed to the extent it seeks recovery for police, fire, and emergency services. The question remains whether Plaintiff's Amended Complaint can be said to state a public nuisance claim unrelated to the provision of such services. Notably, Plaintiff's third cause of action for public nuisance and the fourth cause of action for recovery of public nuisance abatement expenses under Public Health Law § 1306 are duplicative of each other. Because Defendants are not owners or occupiers of the property where the crash occurred, recovery for public nuisance is permissible under the statute. See Lane v. City of Mount Vernon, 38 N.Y.2d at 349 (a local government may compel "an owner" to pay abatement costs). With respect to this cause of action, this Court declines Plaintiff's invitation to treat the crash itself and the immediate aftermath as a public nuisance within the meaning of New York law. Plaintiff has alleged neither a continuing nor recurrent problem, or that permanent damage from the crash required remediation beyond the clean up itself. See S. Zara & Sons Contracting Co., 173 A.D.2d at 537. Instead, Plaintiff alleged substantial funds were expended for "the removal of human remains from the area of the crash, for the costs of sealing off the crash area for security while remedial action was ongoing, for moving the residents to safety away from the crash area." (Amended Compl. ¶ 44). Although Plaintiff alleges that there were "other costs which, after the crash, constituted a major health condition detrimental

to the well being of the community," in the absence of any supporting factual allegations, that statement is a legal conclusion which this Court need not credit. See Ashcroft, 129 S.Ct. at 1949-1950; Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, Public Health Law § 1305 provides that an act of abatement, for which funds may be recovered pursuant to § 1306, is permissible upon an owner or occupant's failure to comply with a relevant order from the local board or health officer. Public Health Law § 1305 (2); § 1306 (1). Plaintiff has alleged no action or expenditures by the Erie County Department of Health, therefore § 1306 is inapplicable here.

Accordingly, Defendants' Motion to Dismiss for failure to state a claim is granted. Plaintiff has already amended its complaint once as a matter of course, and this Court concludes that a further opportunity to do so is unwarranted here.

## IV.  CONCLUSION

Defendants' Motion to Dismiss is granted in its entirety and the Amended Complaint is dismissed.

## V.  ORDERS

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) (Docket No. 10) is GRANTED and the Amended Complaint is dismissed;

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.

Dated:  March 25, 2012
        Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Judge